**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMIE K. HAYES,                         :
                                        :    Civil Action No. 05-2716 (FLW)
            Plaintiff,                  :
                                        :
      v.                                :    **O P I N I O N**
                                        :
STATE OF NEW JERSEY, et al.,            :
                                        :
            Defendants.                 :

**APPEARANCES:**

   JAMIE K. HAYES, Plaintiff pro se
   # 37214
   Cape May County Correctional Center
   210 Oak Street East
   Millville, New Jersey  08223

**WOLFSON,** District Judge

   This matter comes before the Court upon pro se plaintiff's, Jamie K. Hayes ("Hayes") motion for reconsideration of this Court's August 15, Order deeming Hayes' Complaint withdrawn for failure to either prepay the requisite filing fee or submitting a complete in forma pauperis application with his prison account statement.  This motion for reconsideration was received by the Court on July 25, 2006.  The motion appears to have been postmarked on July 10, 2006 from the Cape May County Correctional Center where Hayes is presently confined.

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion is denied.

## I. BACKGROUND

On May 25, 2005, Hayes filed a civil rights complaint under 42 U.S.C. § 1983. He submitted his complaint without remitting the $250.00 filing fee, as required under Local Civil Rule 54.3(a) at that time, or providing a complete application with his six-month institutional account statement necessary to proceed in forma pauperis, as required under 28 U.S.C. § 1915(a)(2). On June 9, 2005, an Order was entered by this Court directing the Clerk of the Court to supply Hayes with a blank in forma pauperis application form. The Order further directed Hayes to either submit the $250.00 filing fee or a completed and signed in forma pauperis application with his six-month prison account statement within 30 days of the date of entry of the Order, otherwise the complaint would be deemed withdrawn and the file would be closed accordingly.

Hayes did not notify the Clerk of the Court of any change of address as required by Local Civil Rule 10.1. Nor did Hayes submit the requisite filing fee or an in forma pauperis application as directed by the Court in its June 9, 2005 Order. Therefore, by Order filed on August 15, 2005, the Court directed the Clerk of the Court to deem Hayes' complaint as withdrawn and

to close the file without filing same or assessing a filing fee. The file was closed accordingly on August 15, 2005.

On July 25, 2006, almost one year after an Order was entered deeming this action as withdrawn and closing the file, Hayes submits a letter application to the Court seeking reconsideration of the August 15, 2005 Order.  Hayes seeks to have his complaint reinstated.  He alleges that he did not receive this Court's earlier Orders because he was temporarily transferred from the Cape May County Correctional Center to the Cumberland County Jail.  He apparently was returned to Cape May County Correctional Center, but does not indicate when this return occurred.  He also does not indicate when he received this Court's August 15, 2005 Order.

## II.  **ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

3

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see <u>NL Industries, Inc. v. Commercial Union Insurance</u>, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  <u>See United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  <u>Compaction Sys. Corp.</u>, 88 F. Supp.2d at 345; <u>see</u> <u>also</u> L.Civ.R. 7.1(g).  "The word 'overlooked' is the operative term in the Rule."  <u>Bowers</u>, 130 F. Supp.2d at 612 (citation omitted); <u>see</u> <u>also</u> <u>Compaction Sys. Corp.</u>, 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the

decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Here, plaintiff's complaint was not dismissed; instead the matter was deemed withdrawn because Hayes failed to pay the filing fee or submit a complete in forma pauperis application. Thus, for the Court to reconsider the Order of withdrawal, Hayes must show that he had in fact submitted the complete in forma pauperis application or remitted the fee, or demonstrate that he was unable to do so at that time.  Hayes does neither.  His alleged transfer to another jail facility is not a reasonable

5

excuse for his failure to prosecute his action for such a long period of time.

Indeed, a motion for reconsideration may be denied on procedural grounds if it is not timely filed.  In this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge , or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  Lite, N.J. Federal Practice Rules, Comment 6 to L.Civ.R. 7.1(g)(Gann 2002 ed.).  Here, Hayes filed this motion on or about July 10, 2006,[1] eleven months after entry of this Court's August 15, 2005 Order deeming this matter withdrawn.  This is a substantial amount of time to lapse before making a motion for reconsideration, and the Court finds no good cause stated by plaintiff to reconsider this matter after such a long period of time.

---

[1] The motion for reconsideration was not received by the Court until July 25, 2006.  However, giving Hayes the benefit of all inferences related to the date he filed his motion, the Court finds that plaintiff "filed" his motion on the date he handed it to prison officials to be mailed to the Court for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because the Court does not know the exact date on which Hayes handed his motion to prison officials for mailing, it will use the postmark date on the envelope in which the motion was received, which was July 10, 2005.

Hayes' argument that he was transferred and did not receive this Court's prior Orders in this matter until later does not alleviate his obligation to notify the court of any change in address and to prosecute his action in a timely manner.  Local Civil Rule 10.1 requires a litigant to inform the Clerk of the Court with respect to any change in address.  Moreover, this Court notes that Hayes submitted his complaint in May 2005 and made no effort to prosecute his claims, allowing the matter to remain completely inactive, for more than one year before filing this motion.  Therefore, because plaintiff cannot demonstrate good cause for allowing his case to lapse for more than one year after he submitted his complaint for filing, the Court will deny plaintiff's motion for reconsideration as untimely filed.[2]

### III. CONCLUSION

For the reasons expressed above, Hayes' motion for reconsideration will be denied.  An appropriate Order follows.

s/Freda L. Wolfson<br>
FREDA L. WOLFSON<br>
United States District Judge

Dated: July 28, 2006

---

[2] The Court notes that this ruling does not operate to time bar plaintiff from filing a new complaint if he so chooses.  The claims at issue in the complaint submitted herein appear to have accrued at the earliest on March 4, 2005.  (Complaint, ¶ 6 "Statement of Claims").  However, the Court makes no determination as to the viability of the claims asserted by Hayes in his complaint.