**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

```
JAMIE K. HAYES,                   :
                                  :    Civil Action No. 05-2716 (FLW)
              Plaintiff,          :
                                  :
          v.                      :    OPINION
                                  :
STATE OF NEW JERSEY, et al.,      :
                                  :
              Defendants.         :
```

**APPEARANCES:**

    JAMIE K. HAYES, Plaintiff <u>Pro</u> <u>Se</u>
    # 37214
    Cape May County Correctional Center
    4 Moore Road
    Cape May Court House, New Jersey 08210

**WOLFSON**, District Judge

    This matter comes before the Court upon <u>pro</u> <u>se</u> plaintiff's, Jamie K. Hayes ("Hayes") motion to reopen his case, which was deemed withdrawn because Hayes did not submit a completed application for <u>in</u> <u>forma</u> <u>pauperis</u> or pay the $250.00 filing fee.[1] Hayes now submits a complete <u>in</u> <u>forma</u> <u>pauperis</u> application, with an amended Complaint, and asks this Court to vacate the August 15, 2005 Order deeming the action withdrawn and the file closed. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below,

---

    [1]  At the time plaintiff submitted his Complaint for filing, the filing fee was $250.00.  The filing fee has increased to $350.00, effective April 9, 2006.

plaintiff's motion to reopen is granted, and the Clerk of the Court will be directed to re-open the file accordingly.

Further, based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint with the amendments as submitted on November 15, 2006.  (See Docket Entry No. 8).

At this time, the Court must review the amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. **BACKGROUND**

A. Procedural History

On or about May 25, 2005, Hayes submitted a Complaint with an incomplete application to proceed in forma pauperis.  By Order entered June 9, 2005, the Court directed the Clerk to provide Hayes with a blank form application to proceed in forma pauperis, and gave plaintiff 30 days to either remit the $250.00 filing fee, or submit a complete in forma pauperis application with his six-month institutional account statement.  This Order was sent to the address provided by plaintiff on his Complaint.

2

Specifically, plaintiff indicated that he was confined at the
Cape May County Jail, but listed his home address.  The Clerk
unwittingly mailed the Court's June 9, 2005 Order to plaintiff at
Cape May County Jail but used the wrong address.  Because Hayes
did not respond to the June 9, 2005 Order within the 30 days
provided,[2] this Court deemed the matter withdrawn and directed
the Clerk to close the file accordingly by Order dated August 15,
2005.

Almost one year later, on July 25, 2006, the Court received
plaintiff's motion for reconsideration of the August 15, 2005
Order deeming the matter withdrawn.  Hayes argued that he had
been transferred temporarily to Cumberland County Jail for a
short period of time and never received the June 9, 2005 and
August 15, 2005 Orders.  He did not mention that the address
listed by him on his Complaint and set forth on the docket was
different than the address for Cape May County Jail.  In an
Opinion and Order filed on July 28, 2006, the Court denied the
motion for reconsideration, finding that:

> Hayes' argument that he was transferred and did not receive
> this Court's prior Orders in this matter until later does
> not alleviate his obligation to notify the court of any
> change in address and to prosecute his action in a timely
> manner.  Local Civil Rule 10.1 requires a litigant to inform
> the Clerk of the Court with respect to any change in
> address.  Moreover, this Court notes that Hayes submitted

---

[2]  The Court now understands that plaintiff did not actually
receive the June 9, 2005 Order because it was mailed to an
address other than that for the Cape May County Jail.

> his complaint in May 2005 and made no effort to prosecute
> his claims, allowing the matter to remain completely
> inactive, for more than one year before filing this motion.
> Therefore, because plaintiff cannot demonstrate good cause
> for allowing his case to lapse for more than one year after
> he submitted his complaint for filing, the Court will deny
> plaintiff's motion for reconsideration as untimely filed.

(July 28, 2006 Opinion, Docket Entry No. 5, at pg. 7).

The Clerk's Office mailed to plaintiff the July 28, 2006 Opinion and Order, at the same incorrect address as listed on the docket. The mail was returned as undeliverable on August 10, 2006. (Docket Entry No. 7).

On November 15, 2006, plaintiff submitted this application to re-open his case. He provided a complete application to proceed in forma pauperis with his institutional account statement. In addition, he added claims and defendants to his Complaint. Upon receipt of plaintiff's application, the Clerk's Office discovered its error in mailing the earlier Orders to plaintiff at an incorrect address. This unintentional mistake was immediately brought to this Court's attention.

B.   Plaintiff's Statement of Claims

The following factual allegations are taken from the initial and amended Complaints, and are accepted as true for purposes of this review.

The initial Complaint names the following defendants: the State of New Jersey; the Honorable Carmen H. Alvarez, J.S.C.; Robert Johnson, Prosecutor; Officer Albert Rhodes; and Richard

4

Harron, Warden at the Cape May County Correctional Center ("CMCCC").  The amended Complaint adds Public Defender Parker Smith and the Middle Township Municipal Court as defendants.

Hayes alleges that defendant Officer Rhodes gave false and misleading testimony before the Grand Jury on March 4, 2005.  He also claims that Judge Alvarez knew about the false testimony.  Further, Prosecutor Johnson failed to inform the grand jury that plaintiff had been the victim of a robbery so as to "bolster" the indictment on drug charges.  Consequently, plaintiff was indicted on four counts of conspiracy, possession of cocaine, possession of cocaine with intent to distribute, and possession of cocaine with intent to distribute within 1000 feet of school property. (Complaint at ¶ 6).

Plaintiff's counsel filed a motion to dismiss the indictment before Judge Alvarez, Superior Court of New Jersey, Cape May County.  Plaintiff admits that the state court motion filed by his counsel did not present constitutional errors with respect to the presentment of the case to the grand jury.  On or about April 8, 2005, the motion was denied.  (Id.)

Hayes asks this Court to review the constitutional violations allegedly committed by defendants, Judge Alvarez, Prosecutor Johnson, and Officer Rhodes.  (Compl., ¶ 7).  In addition, Hayes alleges that he slipped in the shower at CMCCC and injured his spine.  He states that he has not received

5

adequate medical attention despite his requests for same.
(Compl., ¶ 7).  The Court assumes that this claim is directed
against defendant Warden Harron.

In his amended Complaint, Hayes adds a claim against his
public defender, Parker Smith for alleged inadequacies in
defendant's representation of Hayes on state charges.  These
allegations include counsel's waiver of a bail hearing without
plaintiff's consent, counsel's delay in filing requested motions,
and failure to obtain discovery or request interrogatories.
(Amended Complaint, ¶ 6).  Hayes also alleges that defendant
Middle Township Municipal Court has deprived him of due process
by adjourning his probable cause hearing three times.  (Am.
Compl., ¶ 4c).

Hayes does not make any requests for damages.

## II.  **ANALYSIS**

A. Motion to Re-Open

The Clerk's Office brought to this Court's attention that
the address for plaintiff as listed on the docket was incorrect.
Thus, plaintiff was not receiving this Court's Orders prompting
the closure of this matter as deemed withdrawn.  Due to this
ministerial error, the Court will grant plaintiff's application
to re-open this case, and will direct the Clerk to re-open the
matter accordingly.  Therefore, the Court will review the

Complaint and amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[3]

B.   Claims Against the State of New Jersey

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989)(neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities

_____

[3]   The Court also will address the new claims added by Hayes in his amended Complaint filed on November 15, 2006 with his application to re-open.  Pursuant to Fed.R.Civ.P. 15(a), a plaintiff may amend his pleading as a matter of course at any time before a responsive pleading is served.

for money damages are persons within the meaning of § 1983).

Thus, Section 1983 does not override a state's Eleventh Amendment

immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

Therefore, this action will be dismissed in its entirety

against the State of New Jersey.

C.   Claims Against Judge Alvarez

As a general rule, judges acting in their judicial capacity

are absolutely immune (in both their individual and official

capacities) from suit under the doctrine of judicial immunity.

See Mireless v. Waco, 502 U.S. 9 (1991).  "Judicial immunity is

an immunity from suit, not just from ultimate assessment of

damages."  Id., 502 U.S. at 11 (*citing* Mitchell v. Forsyth, 472

U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction
> are not liable to civil actions for their judicial acts,
> even when such acts are in excess of their jurisdiction,
> and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson

v. Ray, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be

overcome only for actions not taken in a judicial capacity, id.,

or for actions taken in a complete absence of all jurisdiction.

Mireless, 502 U.S. at 11-12.  Allegations that actions were

undertaken with an improper motive diminishes neither their

character as judicial actions nor the judge's immunity.  See

Forrester v. White, 484 U.S. 219, 227 (1988).

8

Here, plaintiff's allegations against Judge Alvarez involve only court-related matters occurring during plaintiff's state criminal proceedings. Hayes also fails to specify how his right to due process was violated by Judge Alvarez. Thus, even if plaintiff's allegations are true, the Court finds that the Complaint fails to allege facts sufficient to support the necessary assertions that Judge Alvarez acted beyond the scope of his judicial authority, or that Judge Alvarez acted in the complete absence of all jurisdiction. Therefore, Judge Alvarez is absolutely immune from liability on all claims asserted by plaintiff, and the Complaint and amended Complaint will be dismissed with prejudice accordingly, pursuant to 28 U.S.C. § 1915A(b)(1),(2), as against Judge Alvarez.

D.  Claims Against Prosecutor Robert Johnson

Hayes also asserts a claim of prosecutorial misconduct against Prosecutor Robert Johnson, Esq., namely, relating to the prosecutor's presentment of the criminal charges against plaintiff to the Cape May County Grand Jury. This claim involves actions by a state attorney in prosecuting state criminal proceedings against plaintiff.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). See also Kulwicki v. Dawson, 969 F.2d

9

1454, 1465 (3d Cir. 1992); <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1417 (3d Cir. 1991); <u>Rose v. Bartle</u>, 871 F.2d 331, 345 and n.12 (3d Cir. 1989).  A prosecutor's appearance in court as an advocate in support of the presentation of evidence in a criminal proceeding is protected by absolute immunity.  <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993).

Prosecutors also are absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, <u>Schrob</u>, 948 F.2d at 1411; <u>Rose v. Bartle</u>, <u>supra</u>; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, <u>Kulwicki</u>, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, <u>Burns</u>, 500 U.S. at 490; <u>Kulwicki</u>, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, <u>Imbler</u>, 424 U.S. at 424-27; <u>Schrob</u>, 948 F.2d at 1417; <u>Brawer v. Horowitz</u>, 535 F.2d 830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where he acts without a good faith belief that a wrongdoing has occurred." Kulwicki, 969 F.2d at 1463-64; Rose, 871 F.2d at 343.  In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges.  Kulwicki, 969 F.2d at 1464.

Here, Hayes essentially alleges that the prosecutor initiated state criminal proceedings against him based on false accusations and the use of false testimony before the grand jury. There is absolutely nothing to show that the defendant prosecutor was acting outside his official prosecutorial role.  Thus, defendant Johnson is protected by immunity from a damages lawsuit for conduct during pre-trial and trial proceedings, pursuant to 28 U.S.C. § 1915A(b)(2).

Moreover, any claim that Hayes may be attempting to assert with respect to prosecutorial misconduct during his criminal proceedings must be raised in his pending criminal proceedings in state court; a federal court generally will not intercede to consider issues that Hayes has an opportunity to raise before the state court.  Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

11

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, Hayes is admittedly a pre-trial detainee in the course of ongoing state criminal proceedings; thus state proceedings implicating important state interests are currently in progress and Hayes has the opportunity to raise his claims in that proceeding. Therefore, this Court is constrained by Younger to dismiss the Complaint and amended Complaint against the state prosecutor defendant.

Further, if Hayes is eventually convicted of the alleged charges in his now-pending state criminal trial (or if he has since been convicted since filing this action), he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claims of prosecutorial misconduct or denial of due process.  Preiser v. Rodriquez, 411 U.S. 475 (1973).

Therefore, the Complaint and amended Complaint will be dismissed with prejudice in their entirety as against the prosecutor defendant, Robert Johnson, for failure to state a claim[4] and based on prosecutorial immunity.

E.   Claim Against Public Defender Parker Smith

Next, in his amended Complaint, Hayes asserts a claim of ineffective assistance of counsel against his appointed counsel, Parker Smith, Esq., who is representing Hayes in his pending state criminal proceedings.  This defendant is not subject to liability under § 1983 because he is not a state actor.

---

[4]   To the extent that Hayes is attempting to raise a claim of malicious prosecution against defendant Johnson, he fails to state a claim at this time.  In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  Lind v. Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Here, Hayes cannot proceed with a claim of malicious prosecution because his state court criminal proceedings are ongoing and have not been terminated in his favor.

13

A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

However, even if Hayes had pleaded facts establishing that Smith was acting under color of state law, his allegations about filing motions and conducting discovery assert nothing more than a violation of plaintiff's right to effective assistance of counsel.  Such a claim must first be raised in Hayes' ongoing state criminal case; a federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

Moreover, to the extent that Hayes' criminal trial is no longer pending, and he has been convicted and sentenced on the state criminal indictment, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court

14

remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel. <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973).  There is nothing alleged in the amended Complaint to indicate that Hayes has been convicted and sentenced on the challenged state court indictment, or that he has appealed a conviction or sentence to the New Jersey Appellate Division and exhausted his state court remedies.

Therefore, because defendant Smith was not acting under color of state law when representing plaintiff, and because any claim of ineffective assistance of counsel must be asserted under a federal habeas petition after Hayes has exhausted his state court remedies, the amended Complaint asserting liability under § 1983 should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

F.   <u>Claim Against Officer Rhodes</u>

Because the Complaint indicates that Hayes has not been convicted of the crimes for which he was indicted by the grand jury, plaintiff's claim against the police officer for allegedly giving false testimony during the grand jury proceedings is subject to federal court abstention under <u>Younger v. Harris</u>, 401

15

U.S. 37 (1971).  Federal courts will not interfere in pending state criminal cases under these circumstances where Hayes has an opportunity to raise his claims in a hearing during state criminal proceedings.  Therefore, this Court is constrained by Younger to dismiss the Complaint in its entirety as against defendant Rhodes for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Moreover, even if Hayes has been convicted of the charges for which he was indicted, he cannot seek damages under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings.  See Heck v. Humphrey, 512 U.S. 477 (1994).

Any claim for damages[5] based on the actions of defendant Officer Rhodes is not cognizable under § 1983.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

---

[5]  The Complaint does not expressly seek money damages.  In fact, plaintiff's prayer for relief is unclear.  The Court presumes that Hayes is seeking both money damages and declaratory relief to have his state criminal charges reviewed by federal court.

executive order, declared invalid by a state tribunal
authorized to make such determination, or called into
question by a federal court's issuance of a writ of
habeas corpus, 28 U.S.C. § 2254.  A claim for damages
bearing that relationship to a conviction or sentence
that has not been so invalidated is not cognizable
under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).  Accordingly, if a

district court determines that a judgment in favor of the

plaintiff "would necessarily imply the invalidity of his

conviction or sentence . . . the complaint must be dismissed

unless the plaintiff can demonstrate that the conviction or

sentence has already been invalidated."  Id. at 487.

Accordingly, Hayes' claim against Officer Rhodes is not

cognizable under § 1983 until he can show that his conviction has

been reversed on direct appeal, expunged, declared invalid by a

state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas

corpus.  See id. at 486-87.  Therefore, any claim seeking

monetary relief under 42 U.S.C. § 1983 will be dismissed, without

prejudice, for failure to state a claim upon which relief may be

granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1).

G.  Claim Against Middle Twp. Municipal Court

In this claim asserted in plaintiff's amended Complaint,

Hayes alleges generally that the municipal court has deprived him

of due process because his probable cause hearing has been rescheduled three times.

This claim is subject to dismissal because there are ongoing state criminal proceedings, and the issue of scheduling plaintiff's probable cause hearing is essentially a matter of state law procedure.  It is not generally the role of the federal courts to interfere in pending state judicial proceedings if the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger, 401 U.S. 37. Here, Hayes has the opportunity to raise his constitutional claim during his ongoing state proceeding, and therefore, he must present his complaints about his criminal proceedings to the court in which his action is pending.  See Roberts v. Childs, 956 F. Supp. 923, 925 (D. Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997).  Therefore, this claim against the municipality is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted at this time.

H.   Claim Against Warden Harron

Finally, it appears that plaintiff is alleging a denial of medical care claim against the Warden at CMCCC because he injured his back and has not received adequate medical attention.

AS a pretrial detainee at the time of his complaint, Hayes' denial of medical care claim is considered under the due process

18

clause of the Fourteenth Amendments, rather than the Eighth Amendment.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); Hubbard v. Taylor, 399 F.3d at 158; Fuentes, 206 F.3d at 341 n.9; Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  See also Montgomery v. Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, ...; i.e. whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of  guilt....") (citing Hubbard, 399 F.3d at 158).  In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees. 399 F.3d at 165-67.

Here, Hayes generally claims that he injured his "spine" and that he has not received requested medical attention for his injuries.  There is no indication how long he has been waiting to receive medical care or if he continues to need medical attention for his alleged injury.  Nevertheless, this allegation, if true,

19

may be sufficient to show that a refusal to provide medical care
to plaintiff was excessive in relation to any stated purpose of
jail security and administration, and thus, a court may infer
that it is intended as punishment.  See Hubbard v. Taylor, 399
F.3d 150, 158-63 (3d Cir. 2005); Newkirk v. Sheers, 834 F. Supp.
772, 781 (E.D.Pa. 1993).

However, Hayes names the Warden, Richard Harron, as a
defendant on this claim, apparently on grounds of supervisor
liability.  Generally, local government units and supervisors are
not liable under § 1983 solely on a theory of respondeat
superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824
n.8 (1985); Monell v. New York City Department of Social
Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability
attaches only "when execution of a government's policy or custom,
whether made by its lawmakers or by those whose edicts or acts
may fairly be said to represent official policy, inflicts the
injury" complained of); Natale v. Camden County Correctional
Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a
civil rights action must have personal involvement in the alleged
wrongs, liability cannot be predicated solely on the operation of
respondeat superior.  Personal involvement can be shown through
allegations of personal direction or of actual knowledge and
acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d
Cir. 1988) (citations omitted).  Accord Robinson v. City of

Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Here, Hayes makes no allegations that the Warden was aware of his injury and requests for medical attention, or that the Warden was personally involved in the alleged denial of medical care.  Thus, this claim appears to be predicated solely on the basis of respondeat superior, which is not a basis for § 1983 liability.  The claim will be dismissed without prejudice for failure to state a claim.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Court will grant plaintiff's motion to reopen this matter, and the Clerk will be directed to reopen this file accordingly.  However, based on review of plaintiff's claims asserted in both his Complaint and amended Complaint, the matter will be dismissed for failure to state a claim.  An appropriate Order follows.


                         s/Freda L. Wolfson
                         FREDA L. WOLFSON
                         United States District Judge

Dated: January 3, 2007


21