**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMIE K. HAYES, | : | |
| | : | Civil Action No. 05-2716 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    JAMIE K. HAYES, Plaintiff Pro Se
    # 37214
    Cape May County Correctional Center
    4 Moore Road
    Cape May Court House, New Jersey 08210

**WOLFSON**, District Judge

    This matter comes before the Court upon the letter motion of pro se plaintiff, Jamie K. Hayes ("Hayes"), seeking to "reopen" his case, which was dismissed by this Court in an Opinion and Order entered on January 3, 2007. (See Docket Entry Nos. 9 and 10). The Court construes plaintiff's motion as one for reconsideration. Hayes filed his motion on or about May 25, 2007. (Docket Entry No. 11).

    Plaintiff's motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied.

## I.   BACKGROUND

On or about May 25, 2005, Hayes submitted a Complaint with an incomplete application to proceed in forma pauperis. By Order entered June 9, 2005, the Court directed the Clerk to provide Hayes with a blank form application to proceed in forma pauperis, and gave plaintiff 30 days to either remit the $250.00 filing fee, or submit a complete in forma pauperis application with his six-month institutional account statement. This Order was sent to the address provided by plaintiff on his Complaint. Specifically, plaintiff indicated that he was confined at the Cape May County Jail, but listed his home address. The Clerk unwittingly mailed the Court's June 9, 2005 Order to plaintiff at Cape May County Jail but used the wrong address. Because Hayes did not respond to the June 9, 2005 Order within the 30 days provided, this Court deemed the matter withdrawn and directed the Clerk to close the file accordingly by Order dated August 15, 2005.

Almost one year later, on July 25, 2006, the Court received plaintiff's motion for reconsideration of the August 15, 2005 Order deeming the matter withdrawn. Hayes argued that he had been transferred temporarily to Cumberland County Jail for a short period of time and never received the June 9, 2005 and August 15, 2005 Orders. He did not mention that the address listed by him on his Complaint and set forth on the docket was

2

different than the address for Cape May County Jail. In an Opinion and Order filed on July 28, 2006, this Court denied Hayes' motion for reconsideration, finding that plaintiff had made no effort to timely prosecute his claims, allowing his case to remain completely inactive, for more than one year before filing his motion. (Docket Entry No. 5, at pg. 7).

The Clerk's Office mailed to plaintiff the July 28, 2006 Opinion and Order, at the same incorrect address as listed on the docket. The mail was returned as undeliverable on August 10, 2006. (Docket Entry No. 7).

On November 15, 2006, plaintiff submitted an application to re-open his case. (Docket Entry No. 8). He provided a complete application to proceed in forma pauperis with his institutional account statement. In addition, he added claims and defendants to his Complaint. Upon receipt of plaintiff's application, the Clerk's Office discovered its error in mailing the earlier Orders to plaintiff at an incorrect address, and brought this error to the attention of this Court immediately.

This Court then re-opened plaintiff's case, and screened the Complaint and amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. In an Opinion and Order entered on January 3, 2007, this Court dismissed the Complaint and amended Complaint. Specifically, this Court found that (1) plaintiff's claim against the State of New Jersey should be dismissed with

prejudice based on the State's Eleventh Amendment immunity from suit; (2) plaintiff's claim against Judge Alvarez was not cognizable based on judicial immunity; (3) plaintiff's claim against Prosecutor Robert Johnson was dismissed based on prosecutorial immunity, and for failure to state a claim at that time; (4) plaintiff's claim against his public defender, Parker Smith, was dismissed for failure to state a claim because Smith is not a state actor subject to liability under 42 U.S.C. § 1983; (5) the claim against defendant Officer Rhodes, for giving false and misleading testimony at plaintiff's grand jury proceedings, was dismissed for failure to state a claim at this time, based on the federal court abstention doctrine under Younger v. Harris, 401 U.S. 37 (1971); (6) the claim against the Middle Township Municipal Court, alleging that the Municipal Court deprived Hayes of due process by rescheduling his probable cause hearing on three occasions, likewise was dismissed based on Younger; and (7) plaintiff's denial of medical care claim against defendant Warden Harron was dismissed for failure to state a claim as the allegations were based solely on the basis of respondeat superior, which is not a basis for § 1983 liability.

   Now, five months after this Court issued its January 3, 2007 Opinion and Order, Hayes submits this letter for reconsideration to reopen his case. In support of his motion, Hayes simply alleges, without elaboration, that he is illiterate, and that he

4

would like the Court to find judgment in his favor, award compensatory damages of $7.5 million, and dismiss the state criminal charges against him.

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact

5

or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on

reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

In the instant matter, Hayes asks the Court to reopen his case, but fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter. Hayes offers no reason, other than his alleged illiteracy, for

the Court to reconsider its January 3, 2007 ruling. Rather, it appears that Hayes is merely in disagreement with this Court's decision. Thus, Hayes cannot satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

The only recourse available to Hayes, if he disagrees with this Court's decision, should have been via the normal appellate process.[1] He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

For the reasons expressed above, Hayes' motion for reconsideration will be denied. An appropriate Order follows.

>                               s/Freda L. Wolfson
>                               FREDA L. WOLFSON
>                               United States District Judge

Dated: June 11, 2007

---

[1] This Court notes that plaintiff's motion was filed well after the 10-day limitation period for filing such motions, and that it would appear that a notice of appeal also may be considered untimely, since the matter was dismissed by Opinion and Order entered on January 3, 2007, a little more than five months ago.